

1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**
10             **WESTERN DIVISION**
11
12 DORA R. ESCOBEDO       )   No. CV 08-7165-PLA
                              )
13           Plaintiff,        )
                              )   **ORDER DISMISSING CASE WITHOUT**
14       v.                 )   **PREJUDICE FOR FAILURE TO**
                              )   **PROSECUTE**
15 MICHAEL J. ASTRUE,        )
   COMMISSIONER OF SOCIAL    )
16 SECURITY ADMINISTRATION,   )
                              )
17          Defendant.      )
                              )
18
19                      **I.**
20                 **PROCEEDINGS**
21      On January 13, 2009, after being granted leave to proceed <u>in forma pauperis</u>, plaintiff filed
22 a complaint seeking review of the decision of the Commissioner of the Social Security
23 Administration ("SSA") denying plaintiff's application for Supplemental Security Income payments.
24 On June 9, 2009, after granting plaintiff's request to substitute herself in pro se in place of Attorney
25 Marc V. Kalagian, the Court issued an Amended Order Re Further Proceedings setting a schedule
26 for the parties to follow during the course of this litigation.  Among other things, the Court ordered
27 plaintiff to complete and transmit, no later than June 24, 2009, a "Disability Litigation Voluntary
28 Remand/Payment Request" to the SSA Regional Counsel's office, with a copy served on the

1    Assistant United States Attorney ("AUSA").  The Court also ordered that if voluntary remand of the

2    case or the payment of benefits was agreed to by the parties in this case, the AUSA and plaintiff

3    were to notify the Court no later than August 17, 2009, through the lodging of a proposed

4    Judgment with the Court.  If no agreement was reached, plaintiff was ordered to inform the Court

5    of that determination no later than August 13, 2009, in a pleading entitled "Notice of Compliance

6    with Settlement Conference Order."   On August 28, 2009, defendant filed a "Status Report,

7    Declaration and Request for Instructions Re: (Plaintiff's Failure to Submit Voluntary

8    Remand/Payment Request)."   In the Status Report, the AUSA declared that she sent plaintiff

9    letters on June 11, 2009 (enclosing the Court's June 9, 2009, Amended Order and a copy of a

10    blank Voluntary Remand/Payment Request), and on August 11, 2009 (informing plaintiff that no

11    Voluntary Remand/Payment Request had been received and reminding her that her Notice of

12    Compliance was due August 13, 2009).  The AUSA also declared that on August 26, 2009, plaintiff

13    called and said that she had received the AUSA's letters but could not find the Voluntary

14    Remand/Payment Request.  Defendant requested instructions from the Court regarding how to

15    proceed in this case.

16          In response to defendant's Status Report, on August 31, 2009, the Court issued an Order

17    Re Further Proceedings setting forth a new schedule for the parties to follow.  Among other things,

18    the Court ordered that if a voluntary remand of the case or the payment of benefits was agreed

19    to by the parties, the AUSA and plaintiff were to notify the Court no later than November 9, 2009,

20    through the lodging of a proposed Judgment with the Court.  If no agreement was reached, plaintiff

21    was ordered to inform the Court of that determination no later than November 5, 2009, in a

22    pleading entitled "Notice of Compliance with Settlement Conference Order."

23          When, as of November 16, 2009, neither document had been filed, the Court ordered

24    plaintiff to show cause, no later than November 24, 2009, why this case should not be dismissed

25    for failure to prosecute.  The Court indicated that the filing of one of the two required documents,

26    and compliance with the additional requirements set forth in the August 31, 2009, Order, would

27    be deemed compliance with the Order to Show Cause.

28

1     **Plaintiff has failed to file with the Court a Notice of Compliance or a proposed**

2     **Judgment, or any document explaining the failure to file those items, in violation of the**

3     **Court's Orders of August 31, 2009, and November 16, 2009.  Plaintiff has also failed to**

4     **respond to the Court's Order to Show Cause why the action should not be dismissed for**

5     **failure to prosecute, and the time to do so has elapsed.**

6

7                                      **II.**

8                            **DISCUSSION**

9     It is well established that a district court has authority to dismiss a plaintiff's action because

10 of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link

11 v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding

12 that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in

13 the disposition of pending cases and to avoid congestion in the calendars of the district courts);

14 Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss

15 an action for failure to comply with any order of the court).

16     In determining whether to dismiss a case for failure to prosecute or failure to comply with

17 court orders, a district court should consider five factors:  (1) the public's interest in expeditious

18 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

19 defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the

20 availability of less drastic sanctions.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure

21 to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

22     The first two factors -- the public's interest in expeditious resolution of litigation and the

23 Court's need to manage its docket -- weigh in favor of dismissal.  Despite multiple admonitions,

24 plaintiff has failed to file the documents required by the Court or offer any explanation for her

25 failure to do so, has not responded to the Court's Order to Show Cause why this action should not

26 be dismissed for failure to prosecute, and has not evidenced her intention to proceed with this

27 action.  Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and

28 indicates that plaintiff does not intend to litigate this action diligently.

1        The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A rebuttable

2  presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution

3  of an action.  Eisen, 31 F.3d at 1452-53.   Nothing suggests that such a presumption is

4  unwarranted in this case.

5        The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against

6  dismissal.  It is, however, a plaintiff's responsibility to move a case toward a disposition at a

7  reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley Co., 942

8  F.2d 648, 652 (9th Cir. 1991).   Plaintiff has not discharged this responsibility.   In these

9  circumstances, the public policy favoring resolution of disputes on the merits does not outweigh

10  plaintiff's failure to file the Court-ordered documents within the time granted, or her failure to

11  respond to orders of the Court.

12        The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The

13  Court attempted to avoid dismissal by reminding plaintiff in the Court's November 16, 2009, Order

14  to Show Cause of the need to follow the Court's August 31, 2009, Order that required the filing of

15  certain documents.  Plaintiff has not filed the required documents or responded to the Order to

16  Show Cause, and has had no other contact with the Court.

17        Taking all of the above factors into account, dismissal for failure to prosecute is appropriate.

18  Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is

19  imminent.  See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).

20  In this case, plaintiff was cautioned about the possibility of dismissal in the Court's November 16,

21  2009, Order to Show Cause.  She filed no response thereto.

22        Accordingly, **IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for

23  failure to prosecute and follow court orders.

24        **IT IS FURTHER ORDERED** that the Clerk of the Court shall serve copies of this Order and

25  the Judgment herein on all parties or their counsel.

26

27  DATED: December 2, 2009

                                      _____

28                                     PAUL L. ABRAMS
                                UNITED STATES MAGISTRATE JUDGE